945 So.2d 1124 (2006)
In re AMENDMENTS TO FLORIDA RULES OF CRIMINAL PROCEDURE 3.851 AND 3.590.
No. SC05-1165.
Supreme Court of Florida.
December 7, 2006.
The Honorable O.H. Eaton, Jr., Chair, Criminal Court Steering Committee, Seminole County Circuit Court Judge, Sanford, FL, for Petitioner.
Paula S. Saunders, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, and Michael Ufferman, Attorney at Law, Tallahassee, FL, on behalf of the Florida Association of Criminal Defense Lawyers, responding with comments.
PER CURIAM.
The Supreme Court's Criminal Court Steering Committee (Committee) proposes amendments to Florida Rule of Criminal Procedure 3.590, Time for and Method of Making Motions; Procedure; Custody Pending Hearing, and rule 3.851, Collateral Relief After Death Sentence Has Been Imposed and Affirmed on Direct Appeal. We have jurisdiction. See art. V, § 2(a), Fla. Const.

BACKGROUND
For purposes of uniformity, the Court asked the Committee to draft a proposed rule of procedure addressing the appeal of circuit court orders finding death-sentenced inmates competent to waive postconviction proceedings and counsel. In conjunction with that referral, the Committee identified the need for several additional changes to rule 3.851. The Committee also proposes several changes to rule 3.590 that address the filing of motions for a new trial in capital cases where the death penalty is an issue. The Committee's unanimously recommended proposals were published for comment in the October 1, 2005, edition of The Florida Bar News, and a single comment was filed.[1] The Court reviewed the proposals, considered the comment, and made several changes to the proposed amendments to *1125 subdivision (b) of rule 3.590 and subdivision (i) of rule 3.851; the Court then submitted the modified proposals to the Committee for further consideration. The Committee filed a report proposing further amendments to those subdivisions.
After reviewing the revised proposals, we adopt the amendments, as proposed by the Committee, to subdivisions (a) and (b) of rule 3.590 and to subdivisions (a), (b), (c), (d), (e), and (f) of rule 3.851. We also adopt proposed new subdivision (i) of rule 3.851, with minor modifications. The major substantive amendments are discussed below.

AMENDMENTS
Rule 3.590, Time for and Method of Making Motions; Procedure; Custody Pending Hearing, is amended by retitling subdivision (a) to read "Time for Filing in Noncapital Cases," and by adding new subdivision (b), Time for Filing in Capital Cases Where the Death Penalty Is an Issue. The retitling of subdivision (a) is necessitated by the addition of new subdivision (b), which sets forth the time limits and procedure for filing a motion for a new trial or in arrest of judgment in cases where the death penalty is an issue. The Committee proposed the amendment in response to a capital case, which arose in Seminole County, wherein the motion for a new trial was filed within ten days after the penalty phase was completed but not within ten days after the guilt-phase verdict was rendered. Existing rule 3.590(a) fails to address this situation, and the Committee concluded that a new provision was necessary to address the bifurcated trials that take place in capital cases. New subdivision (b) addresses this situation.
Rule 3.851(b), Appointment of Postconviction Counsel, which currently does not address the appointment of registry counsel, is amended to provide for the appointment of registry counsel, where appropriate, upon issuance of the mandate affirming a judgment and sentence of death on direct appeal. The Committee proposed the amendment in response to section 27.701(2), Florida Statutes (2005) (providing that "the responsibilities of the regional office of capital collateral counsel for the northern region of the state shall be met through a pilot program using only attorneys from the registry of attorneys maintained pursuant to s. 27.710"). The present amendment renders the rule consistent with the statute.
Rule 3.851(e), Contents of Motion, is amended to provide that the rule "does not authorize relief based upon claims that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." This amendment is based on a similar provision in rule 3.850. See Fla. R.Crim. P. 3.850(c).
Finally, new rule 3.851(i), Dismissal of Postconviction Proceedings, is added to set forth a procedure whereby death-sentenced prisoners can dismiss postconviction proceedings and discharge counsel. The Committee proposed this amendment in response to the Court's request. The Florida Association of Criminal Defense Lawyers, which opposes the amendment, argues that the Court should extend its holding in Klokoc v. State, 589 So.2d 219, 222 (Fla.1991) (holding that despite defendant's wishes to the contrary, "counsel for appellant is directed to proceed to prosecute the appeal in a genuinely adversary manner, providing diligent advocacy of appellant's interests"), to include postconviction proceedings. We reject this suggestion. After the decision in Klokoc was issued, the Court consistently has held that death-sentenced prisoners may waive collateral proceedings and counsel. See, *1126 e.g., Alston v. State, 894 So.2d 46 (Fla. 2004) (setting forth criteria for dismissing postconviction proceedings and discharging counsel). The present amendment renders the rule consistent with the Court's precedent in this area.
Accordingly, we amend the Florida Rules of Criminal Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes and commentary are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2007, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 3.590. TIME FOR AND METHOD OF MAKING MOTIONS; PROCEDURE; CUSTODY PENDING HEARING
(a) Time for Filing in Noncapital Cases. A motion for new trial or in arrest of judgment, or both, in cases in which the state does not seek the death penalty, may be made within 10 days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10-day period and in the discretion of the court at any other time before the motion is determined.
(b) Time for Filing in Capital Cases Where the Death Penalty Is an Issue. A motion for new trial or arrest of judgment, or both, or for a new penalty phase hearing may be made within ten days after written final judgment of conviction and sentence of life imprisonment or death is filed. The motion may address grounds which arose in the guilt phase and the penalty phase of the trial. Separate motions for the guilt phase and the penalty phase may be filed. The motion or motions may be amended without leave of court prior to the expiration of the ten day period, and in the discretion of the court, at any other time before the motion is determined.
(b)(c) Oral Motions. When the defendant has been found guilty by a jury or by the court, the motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the return of the verdict or the finding of the court. The court may immediately rule on the motion.
(c)(d) Written Motions. The motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties or the attorney for the defendant may serve notice of hearing on the prosecuting officer.
(d)(e) Custody Pending Motion. Until the motion is disposed of, a defendant who is not already at liberty on bail shall remain in custody and not be allowed liberty on bail unless the court on good cause shown (if the offense for which the defendant is convicted is bailable) permits the defendant to be released on bail until the motion is disposed of. If the defendant is already at liberty on bail that is deemed by the court to be good and sufficient, it may permit the defendant to continue at large on such bail until the motion for new trial is heard and disposed of.

 Committee Notes
 1968 Adoption. (No Change)
 1972 Amendment. (No Change)
 1980 Amendment. (No Change)

*1127 2006 Amendment. This amendment provides the time limitations and procedures for moving for new trial, arrest of judgment or a new penalty phase in capital cases in which the death penalty is an issue. The motion may be made within ten days after written final judgment of conviction and sentence of life imprisonment or death is filed.
RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL
(a) Scope. This rule shall apply to all motions and petitions for any type of postconviction or collateral relief brought by a prisoner in state custody who has been sentenced to death and whose conviction and death sentence have been affirmed on direct appeal. It shall apply to all postconviction motions filed on or after October 1, 2001., by prisoners who are under sentence of death. Motions pending on that date are governed by the version of this rule in effect immediately prior to that date.
(b) Appointment of Postconviction Counsel.
(1) Upon the issuance of the mandate affirming a judgment and sentence of death on direct appeal, the Supreme Court of Florida shall at the same time issue an order appointing the appropriate office of the Capital Collateral Regional Counsel. or directing the trial court to immediately appoint counsel from the Registry of Attorneys maintained by the Commission on Capital Cases. The name of Registry Counsel shall be filed with the Supreme Court of Florida.
(2) Within 30 days of the issuance of the mandate, the Capital Collateral Regional Counsel or Registry Counsel shall file a notice of appearance in the trial court or a motion to withdraw based on a conflict of interest or some other legal ground. Motions to withdraw filed more than 30 days after the issuance of the mandate shall not be entertained unless based on a specific conflict of interest as set forth in section 27.703, Florida Statutes.
(3) Within 15 days after Capital Collateral Regional Counsel or Registry Counsel files a motion to withdraw, the chief judge or assigned judge shall rule on the motion and appoint new postconviction counsel if necessary. The appointment of new collateral counsel shall be from the Registry of attorneys maintained by the Commission on Capital Cases unless the case is administratively transferred to another Capital Collateral Regional Counsel.
(c) Preliminary Procedures.
(1) (No Change)
(2) Status Conferences. The assigned judge shall conduct a status hearing conference not later than 90 days after the judicial assignment, and shall hold status conferences at least every 90 days thereafter until the evidentiary hearing has been completed or the motion has been ruled on without a hearing. The attorneys, with leave of the trial court, may appear by telephone electronically at such the status conferences. Such requests Requests to appear electronically shall be liberally granted. Pending motions, disputes involving public records, or any other matters ordered by the court shall be heard at the status conferences.
(3)-(4) (No Change)
(d) Time Limitation.
(1) (No Change)
(2) No motion shall be filed or considered pursuant to this rule if filed beyond *1128 the time limitation provided in subdivision (d)(1) unless it alleges: that
(A)-(C) (No Change)
(3) All petitions for extraordinary relief in which the Supreme Court of Florida has original jurisdiction, including petitions for writ writs of habeas corpus, shall be filed simultaneously with the initial brief filed on behalf of the death-sentenced prisoner in the appeal of the circuit court's order on the initial motion for postconviction relief filed under this rule.
(4)-(5) (No Change)
(e) Contents of Motion.
(1) Initial Motion. A motion filed under this rule is an initial postconviction motion if no state court has previously ruled on a postconviction motion challenging the same judgment and sentence. An initial motion and memorandum of law filed under this rule shall not exceed 75 pages exclusive of the attachments. Attachments shall include, but are not limited to, the judgment and sentence. The memorandum of law shall set forth the applicable case law supporting the granting of relief as to each separately pled claim. This rule does not authorize relief based upon claims that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence. If claims that were raised on appeal or should have or could have been raised on appeal are contained in the motion, the memorandum of law shall contain a brief statement explaining why these claims are being raised on postconviction relief. The motion shall be under oath and shall include:
(A) a statement specifying description of the judgment and sentence under attack and the name of the court that rendered the same;
(B)-(E) (No Change)
The memorandum of law shall set forth the applicable case law supporting the granting of relief as to each separately pled claim. As to claims that were raised on appeal or should have or could have been raised on appeal, the memorandum shall contain a brief statement as to why these claims are being raised on postconviction relief.
(2) (No Change)
(f) Procedure; Evidentiary Hearing; Disposition.
(1) (No Change)
(2) Duty of Clerk. Upon the filing of a motion for postconviction relief, the clerk of the trial court shall immediately forward the motion and file to the assigned judge. A motion filed under this rule shall be immediately delivered to the chief judge or the assigned judge along with the court file.
(3) Answer.
(A) Answer To Initial Motion to the Initial Motion. Within 60 days of the filing of an initial motion, the state shall file its answer. The answer and accompanying memorandum of law shall not exceed 75 pages, exclusive of attachments and exhibits. The answer shall address the legal insufficiency of any claim in the motion, respond to the allegations of the motion, and address any procedural bars. As to any claims of legal insufficiency or procedural bar, the state shall include a short statement of any applicable case law.
(B) Answer To Successive Motion to a Successive Motion. Within 20 days of the filing of a successive motion, the state shall file its answer. The answer shall not exceed 25 pages, exclusive of attachments and exhibits. The answer shall specifically respond to each claim in the motion and state the reason(s) *1129 that an evidentiary hearing is or is not required.
(4) (No Change)
(5) Case Management Conference; Evidentiary Hearing.
(A) Initial Postconviction Motion. No later than 90 days after the state files its answer to an initial motion, the trial court shall hold a case management conference. At the case management conference, both parties shall disclose all documentary exhibits that they intend to offer at the evidentiary hearing, provide an exhibit list of all such exhibits, and exchange a witness list with the names and addresses of any potential witnesses. All expert witnesses shall be so specifically designated on the witness list, and copies of all expert reports shall be attached. At the case management conference, the trial court shall:
(i)-(iii) (No Change)
(B)-(D) (No Change)
(6)-(7) (No Change)
(g)-(h) (No Change)
(i) Dismissal of Postconviction Proceedings.
(1) This subdivision applies only when a prisoner seeks both to dismiss pending postconviction proceedings and to discharge collateral counsel.
(2) If the prisoner files the motion pro se, the Clerk of the Court shall serve copies of the motion on counsel of record for both the prisoner and the state. Counsel of record may file responses within ten days.
(3) The trial judge shall review the motion and the responses and schedule a hearing. The prisoner, collateral counsel, and the state shall be present at the hearing.
(4) The judge shall examine the prisoner at the hearing and shall hear argument of the prisoner, collateral counsel, and the state. No fewer than two or more than three qualified experts shall be appointed to examine the prisoner if the judge concludes that there are reasonable grounds to believe the prisoner is not mentally competent for purposes of this rule. The experts shall file reports with the court setting forth their findings. Thereafter, the court shall conduct an evidentiary hearing and enter an order setting forth findings of competency or incompetency.
(5) If the prisoner is found to be incompetent for purposes of this rule, the court shall deny the motion without prejudice.
(6) If the prisoner is found to be competent for purposes of this rule, the court shall conduct a complete (Durocher/Faretta) inquiry to determine whether the prisoner knowingly, freely and voluntarily wants to dismiss pending postconviction proceedings and discharge collateral counsel.
(7) If the court determines that the prisoner has made the decision to dismiss pending postconviction proceedings and discharge collateral counsel knowingly, freely and voluntarily, the court shall enter an order dismissing all pending postconviction proceedings and discharging collateral counsel. But if the court determines that the prisoner has not made the decision to dismiss pending postconviction proceedings and discharge collateral counsel knowingly, freely and voluntarily, the court shall enter an order denying the motion without prejudice.
(8) If the court grants the motion:
(A) a copy of the motion, the order, and the transcript of the hearing or hearings conducted on the motion shall be forwarded to the Clerk of the Supreme Court of Florida within 30 days; and

*1130 (B) discharged counsel shall, within 10 days after issuance of the order, file with the clerk of the circuit court 2 copies of a notice seeking review in the Supreme Court of Florida, and shall, within 20 days after the filing of the transcript, serve an initial brief. Both the prisoner and the state may serve responsive briefs. Briefs shall be served as prescribed by rule 9.210.
(9) If the court denies the motion, the prisoner may seek review as prescribed by rule 9.142.

 Court Commentary
 1993 Adoption. (No Change)
 1996 Amendment. (No Change)
 2001 Amendment. (No Change)

2006 Amendment. The amendments provide for the appointment of Registry Counsel in areas of the state that are not served by a Capital Collateral Regional Counsel. Counsel are allowed to appear at status conferences electronically to authorize both telephonic and video appearances.
NOTES
[1] The comment was filed by the Florida Association of Criminal Defense Lawyers with respect to proposed new rule 3.851(i).