974 So.2d 365 (2008)
Edward T. JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. SC06-426.
Supreme Court of Florida.
January 24, 2008.
*366 John W. Jennings, Capital Collateral Regional Counsel, Carol C. Rodriguez, and Robert T. Strain, Assistant Capital Collateral Regional Counsel  Middle Region, Tampa, FL, for Appellant.
Bill McCollum, Attorney General, Tallahassee, FL, and Barbara C. Davis, Assistant Attorney General, Daytona Beach, FL, for Appellee.
PER CURIAM.
This case is before the Court on appeal from an order denying a motion for reappointment of Capital Collateral Regional Counsel (CCRC) and reinstatement of a motion to vacate a sentence of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction relief from a sentence of death, this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. We affirm the trial court's order.

PROCEEDINGS TO DATE
Edward T. James pleaded guilty and was convicted of two counts of first-degree murder, one count of aggravated child abuse, one count of attempted sexual battery, one count of kidnapping, one count of grand theft, and one count of grand, theft of an automobile. After the penalty phase, James was sentenced to death. We summarized the facts of the case and affirmed James' convictions and death sentence in James v. State, 695 So.2d 1229 (Fla.1997).
James filed a motion for postconviction relief on May 27, 1998. An amended motion was filed on November 1, 2001. A third amended motion was filed September 10, 2002.[1] The trial court set an evidentiary hearing on some of the claims. However, on March 10, 2003, James filed, pro se, a notice of voluntary dismissal of the postconviction proceedings. The trial court subsequently held a hearing to determine whether James was competent and fully understood the consequences of dismissing the postconviction motion filed on his behalf. During the hearing, the trial court followed a procedure mandated by this Court to ensure that James understood the consequences of discharging counsel and withdrawing his postconviction motion. In essence, James was informed by the trial court that his actions would result in the waiver of any legal barriers to the State's ability to enforce the sentence of death. On April 22, 2003, the trial court entered an order discharging counsel and allowing James to withdraw his postconviction motion. In the order, the trial court also notified James that he had thirty days to appeal the order, and further warned that the time for filing for relief in the federal court might be affected by the dismissal of state proceedings. No appeal was filed.
Subsequently, in November 2005, James contacted CCRC and indicated that he had changed his mind, and he requested reappointment of counsel to resume postconviction proceedings. CCRC filed a motion on his behalf in the trial court seeking to reinstate postconviction proceedings. After a hearing, the trial court denied the motion on January 17, 2006. Thereafter, James wrote a letter to this Court, which was treated as a notice of appeal from the order denying reinstatement of the postconviction *367 proceedings.[2]

ANALYSIS
The issue presented is whether the trial court properly denied reappointment of collateral counsel for James, a death row inmate, to resume postconviction proceedings after he had discharged collateral counsel and dismissed postconviction proceedings more than two and a half years prior to his motion.
In Durocher v. Singletary, 623 So.2d 482, 483 (Fla.1993), this Court was confronted with the issue of whether a capital defendant could waive the appointment of postconviction counsel and waive postconviction proceedings on his behalf. Despite CCRC's contention that it had a statutory duty to represent the defendant and prosecute postconviction proceedings on his behalf, even in the face of defendant's objection, we concluded that "[i]f the right to representation can be waived at trial, we see no reason why the statutory right to collateral counsel cannot also be waived." Id. We explained that "[c]ompetent defendants have the constitutional right to refuse professional counsel and to represent themselves, or not, if they so choose." Id. (citing Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Hamblen v. State, 527 So.2d 800 (Fla. 1988)). However, we cautioned that "the state has an obligation to assure that the waiver of collateral counsel is knowing, intelligent, and voluntary." Id. at 485. We held that a detailed Faretta[3]-type inquiry must be conducted by the trial court to determine the defendant's competency. and ability to understand the consequences of the waiver of counsel and the waiver or dismissal of postconviction proceedings before such a waiver could be approved. See id.
Following Durocher, we have consistently held that the right to counsel and to prosecute postconviction claims may be waived so long as the waiver is made voluntarily, knowingly, and intelligently. See generally Alston v. State, 894 So.2d 46 (Fla.2004); Castro v. State, 744 So.2d 986 (Fla.1999); Sanchez-Velasco v. State, 702 So.2d 224 (Fla.1997). In Slawson v. State, 796 So.2d 491 (Fla.2001), for example, we reaffirmed that Durocher "established that the relevant test for competency in the context of waiving collateral counsel and collateral proceedings in Florida is whether the person seeking waiver has the capacity to `understand the consequences of waiving collateral counsel and proceedings.'"Id. at 502 (quoting Durocher, 623 So.2d at 485).
In the present case, the record reflects that the trial court conducted a comprehensive Durocher inquiry in 2003 and found that James was competent to discharge counsel and dismiss all postconviction proceedings. In so doing, the court explicitly warned James that he would be precluded from any further relief in the state courts by his waiver:
THE COURT: And that means that this case is basically going to be over.
MR. JAMES: I'm sort of hoping that that's going to be the outcome of this *368 hearing here. . . . It will be all said and done with and the State can go ahead and proceed in carrying out its sentence.
In addition to this pointed exchange the record reflects that the 2003 hearing was conducted in complete accord with our opinion in Durocher.
In this appeal, James does not attack the validity of the prior waiver hearing.[4] Rather, it is apparent that James has simply changed his mind and has decided he wants "to take up [his] appeals again." However, we conclude that a mere change of mind is an insufficient basis for setting aside a previous waiver. The procedures we have outlined in Durocher and other cases are intended to allow condemned prisoners to waive postconviction counsel and dismiss the proceedings only when it can be determined that such prisoners are competent and fully understand the consequences and finality attached to a waiver. Those proceedings are mandated to ensure that a capital defendant is making an intelligent and knowing decision while respecting his wishes to determine his fate. Because there is no dispute that those procedures were followed here and James has asserted no valid basis for avoiding his waiver, we affirm the trial court's order denying James' request to reappoint CCRC to resume postconviction proceedings.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] There was no second amended motion. The third amended motion brought ten claims including claims of ineffective assistance of counsel, cruel and unusual punishment, and the unconstitutionality of the death penalty statute.
[2] On order from this Court, the trial court appointed CCRC to represent James in this appeal.
[3] Faretta, 422 U.S. at 835, 95 S.Ct. 2525 ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'" (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct, 236, 87 L.Ed. 268 (1942))).
[4] We have contemplated the possibility of needing to review the trial court's findings during the Durocher hearing, and have now codified the procedure for review of dismissal of postconviction proceedings and discharge of counsel. Fla. R.App. P. 9.142; Fla. R.Crim. P. 3.851(i). In our opinion regarding rule 3.851(i), we rejected the notion to extend our holding in Klokoc v. State, 589 So.2d 219, 222 (Fla.1991) (where defendant was not allowed to dismiss his direct appeal and counsel was instructed "to proceed to prosecute the appeal in a genuinely adversary manner"), to postconviction proceedings. In re Amendments to Fla. Rules of Criminal Procedure 3.851 & 3.590, 945 So.2d 1124, 1125-26 (Fla.2006). However, because of the amendment to rule 3.851, review of the waiver of counsel in postconviction proceedings is now automatic.