# Supreme Court of Florida

_____

No. SC20-1036
_____

**EDWARD T. JAMES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

July 8, 2021

PER CURIAM.

Edward T. James, a prisoner under sentence of death, appeals the trial court's order summarily dismissing his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851.  We have jurisdiction.  *See* art. V, § 3(b)(1), Fla. Const.  For the reasons we explain, we affirm.

## I.  BACKGROUND

James pleaded guilty in 1995 to two counts of first-degree murder and was sentenced to death.  *James v. State*, 695 So. 2d 1229 (Fla. 1997).  We affirmed James's convictions and death

sentences on direct appeal.  *Id.* at 1238.  James's convictions and

sentences became final on December 1, 1997, when the United

States Supreme Court denied certiorari review of the direct appeal

proceeding.  *James v. Florida,* 522 U.S. 1000 (1997); *see* Fla. R.

Crim. P. 3.851(d)(1)(B) ("For the purposes of this rule, a judgment is

final . . . on the disposition of the petition for writ of certiorari by

the United States Supreme Court, if filed.").

> James filed a motion for postconviction relief on
> May 27, 1998.  An amended motion was filed on
> November 1, 2001.  A third amended motion was filed
> September 10, 2002.  The trial court set an evidentiary
> hearing on some of the claims.  However, on March 10,
> 2003, James filed, pro se, a notice of voluntary dismissal
> of the postconviction proceedings.  The trial court
> subsequently held a hearing to determine whether James
> was competent and fully understood the consequences of
> dismissing the postconviction motion filed on his behalf.
> During the hearing, the trial court followed a procedure
> mandated by this Court to ensure that James understood
> the consequences of discharging counsel and
> withdrawing his postconviction motion.  In essence,
> James was informed by the trial court that his actions
> would result in the waiver of any legal barriers to the
> State's ability to enforce the sentence of death.  On April
> 22, 2003, the trial court entered an order discharging
> counsel and allowing James to withdraw his
> postconviction motion.  In the order, the trial court also
> notified James that he had thirty days to appeal the
> order, and further warned that the time for filing for relief
> in the federal court might be affected by the dismissal of
> state proceedings.  No appeal was filed.

Subsequently, in November 2005, James contacted CCRC [Capital Collateral Regional Counsel] and indicated that he had changed his mind, and he requested reappointment of counsel to resume postconviction proceedings. CCRC filed a motion on his behalf in the trial court seeking to reinstate postconviction proceedings. After a hearing, the trial court denied the motion on January 17, 2006. Thereafter, James wrote a letter to this Court, which was treated as a notice of appeal from the order denying reinstatement of the postconviction proceedings.

*James v. State*, 974 So. 2d 365, 366-67 (Fla. 2008) (footnote omitted).

In affirming the trial court's denial of James's request to reinstate the postconviction proceedings, we wrote:

In this appeal, James does not attack the validity of the prior waiver hearing. Rather, it is apparent that James has simply changed his mind and has decided he wants "to take up [his] appeals again." However, we conclude that a mere change of mind is an insufficient basis for setting aside a previous waiver. The procedures we have outlined in *Durocher* [*v. Singletary*, 623 So. 2d 482, 483 (Fla. 1993)] and other cases are intended to allow condemned prisoners to waive postconviction counsel and dismiss the proceedings only when it can be determined that such prisoners are competent and fully understand the consequences and finality attached to a waiver. Those proceedings are mandated to ensure that a capital defendant is making an intelligent and knowing decision while respecting his wishes to determine his fate. Because there is no dispute that those procedures were followed here and James has asserted no valid basis for avoiding his waiver, we affirm the trial court's order

- 3 -

denying James' request to reappoint CCRC to resume postconviction proceedings.

*Id.* at 368.

On November 14, 2019, James filed the instant successive 3.851 motion, raising five claims: (1) ineffective assistance of counsel for failing to adequately investigate and prepare a defense or challenge the State's case and encouraging James to plead to all charges; (2) ineffective assistance of counsel for failure to raise the issue of James's competence; (3) James was incompetent at the time of his state postconviction waiver; (4) James's death sentences violate the Sixth and Fourteenth Amendments in light of *Hurst v. Florida*, 577 U.S. 92 (2016); and (5) cumulative errors deprived James of a fundamentally fair trial, guaranteed under the Sixth and Fourteenth Amendments. After holding a case management conference, the trial court summarily dismissed the successive motion. This appeal follows.

## II. ANALYSIS

In dismissing James's claim that he was incompetent at the time of his state postconviction waiver, the trial court wrote:

> At the case management conference, the Court first
> addressed the timeliness of the [instant successive]

motion. For the first time, the Defendant argued that he was incompetent to enter his plea or waive his rights to pursue collateral relief in 2003. Defendant's argument regarding this issue fails. The Defendant has not given any legal justification for waiting nearly seventeen years after the voluntary dismissal of his motion to claim he was incompetent to enter that waiver. The initiation of a federal petition[1] does not constitute newly discovered evidence that would authorize a defendant to override a prior voluntary waiver or overcome the time bar. "To be considered timely filed as newly discovered evidence, the successive rule 3.851 motion was required to have been filed within one year of the date upon which the claim became discoverable through due diligence." *Jimenez v. State*, 997 So. 2d 1056, 1064 (Fla. 2008), *as revised on denial of reh'g* (Sept. 29, 2008), *as revised on denial of reh'g* (Dec. 18, 2008). He asserts that he was incompetent to dismiss his collateral motion, but issues relating to his competence to waive his rights would have been discoverable within one year of that waiver. *See id.*; Fla. R. Crim. P. 3.851(d)(2). Notably, he did not claim that he was incompetent to make the decision in his 2006 action to rescind his waiver or at any time until 2019. This Court finds that ground 3 is untimely. Accordingly, the other substantive claims raised in grounds 1, 2, and 5 are also untimely.

We conclude that the trial court did not err in dismissing claims 1, 2, 3, and 5 as untimely. James's convictions and sentences have been final for more than twenty-three years, and James makes no argument as to why he believes these claims were

---

1. James filed a federal habeas petition in 2018.

timely or why the trial court erred in dismissing them as untimely. Nor does he allege that any of the exceptions provided in rule 3.851(d)(2) to the one-year time limitation on motions for postconviction relief are applicable here. Further, because the issue of James's competency to waive his state postconviction proceedings was raised and resolved in a prior postconviction proceeding, it is procedurally barred and not subject to relitigation in the instant proceeding.

As to James's claim that his death sentences violate the Sixth and Fourteenth Amendments in light of *Hurst*, the trial court correctly noted that not only was this claim untimely under rule 3.851 but also that James would not be entitled to relief under our recent decision in *State v. Poole*, 297 So. 3d 487 (Fla. 2020), *cert. denied*, 141 S. Ct. 1051 (2021). Moreover, our earlier decision in *Asay v. State*, 210 So. 3d 1 (Fla. 2016), precluded relief for James, whose conviction became final in 1997.

## III. CONCLUSION

For these reasons, we affirm the trial court's order summarily dismissing James's successive motion for postconviction relief.

It is so ordered.

- 6 -

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Seminole County,
    Jessica J. Recksiedler, Judge –
    Case No. 591993CF003237A000XX

Robert S. Friedman, Capital Collateral Regional Counsel, and Karin L. Moore, Assistant Capital Collateral Regional Counsel, Northern Region, Tallahassee, Florida,

    for Appellant

Ashley Moody, Attorney General, Tallahassee, Florida, and Patrick Bobek, Assistant Attorney General, Daytona Beach, Florida,

    for Appellee